Filed 1/6/23  P. v. Bernal CA4/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANKO BERNAL,<br><br>    Defendant and Appellant. | D078324<br><br><br>(Super. Ct. No. SCE266559) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed and remanded with instructions.

Appellate Defenders, Inc. and Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal, Lynne G. McGinnis and Randall D. Einhorn, Deputy Attorneys General for Plaintiff and Respondent.

INTRODUCTION

Franko Bernal appeals from the summary denial of his petition to vacate one of two first degree murder convictions under Penal Code section 1172.6.[1] The trial court found he was not entitled to relief, as a matter of law, because the jury returned a true finding on a robbery-murder special circumstance with the murder conviction. The jury's finding on the special circumstance was made prior to the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of the terms "major participant" and "reckless indifference to human life" necessary to support such felony-murder special circumstance findings. (*Banks,* at pp. 797–798, 803; *Clark,* at pp. 608–624.)

In our initial opinion, we concluded the jury's findings did not categorically bar relief, and that we were unable to independently determine whether the special circumstance finding satisfied the standards set forth in *Banks* and *Clark* on the limited record of conviction before us. We therefore reversed the order and remanded the matter for further proceedings. The Supreme Court of California granted the People's petition for review and held the case for its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). The Court in *Strong* held that a jury's true finding on felony-murder special circumstance allegation made before its decisions in *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522, which for the first time provided substantial guidance on the meanings of the phrases "major participant" and

---

[1] All further statutory references are to the Penal Code. Section 1170.95 was recently renumbered to section 1172.6. (See Stats. 2022, ch. 58, § 10.) We cite the current version of the statute (§ 1172.6) in this opinion even though Bernal filed his petition under the former version (§ 1170.95).

"with reckless indifference to human life" under section 190.2, subdivision (d), does not preclude a defendant from stating a prima facie case for relief under section 1172.6.  (*Strong*, at p. 721.)

The Supreme Court has now transferred Bernal's appeal back to us, with directions to vacate our prior opinion and to reconsider the matter in light of *Strong*.  In compliance with those directions, we hereby vacate our prior opinion and based on *Strong*, *supra*, 13 Cal.5th 698, we reverse the order denying Bernal's resentencing petition and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The following short summary of the facts is taken from this court's unpublished opinion affirming the judgment in *People v. Bernal* (Dec. 20, 2011, D055043, D059644).

Bernal and McCauley were "inseparable friends."  McCauley was homeless and did not drive.  Bernal drove a car with a paper license tag, a large dent in the driver's side door, and a sticker in the rear window that read, " 'I do fat bitches.' "  Bernal owned a .22-caliber sawed-off rifle nicknamed the " 'Jack Sparrow,' " which he often carried in his car or the waistband of his pants.

On November 23, 2006, McCauley shot and killed a young man walking home from a Thanksgiving dinner in Murrieta with a .22-caliber gun.  Bernal knew of the murder.  The night of November 24, Bernal and McCauley went to a party where McCauley loudly bragged to guests, " 'I killed someone in Murrieta last night.' "  Bernal laughed and said, " 'Clack, clack, clack,' " signifying the sound of a gun.  Bernal also boasted, " 'Oh, yeah, we blasted this one guy' " and lifted his shirt to expose a gun in the front waistband of his pants.

3

Just over 24 hours later, in the early morning hours of November 25, 2006, McCauley robbed a 7-Eleven store with the same .22-caliber gun. He shot a customer in the face and then shot the store clerk three times in the chest, killing the clerk. He stole change from the register, some scratch-off lottery tickets, and some beer. Bernal drove the getaway car, which had been seen driving back and forth outside the 7-Eleven with its headlights off during the two minutes McCauley was inside.

The customer survived and later reported that he saw a car traveling slowly in front of him while on his way to the 7-Eleven earlier that morning. A man tumbled out of the passenger door and the car stopped. The passenger and the driver argued, and the passenger got back into the car. The car had a paper tag rather than a license plate and a sticker in the back window that read, as he recalled, " 'I do fat chicks.' " The customer said that he fled the convenience store after being shot and saw a similar car parked nearby, with a man standing near the open driver's door.

A witness, who knew both McCauley and Bernal through a mutual friend, heard McCauley on Thanksgiving weekend brag that he " 'robbed a 7-Eleven and that he shot somebody,' and the day before in Murrieta he 'robbed a kid for an iPod' and shot him." McCauley said he used the " 'Jack Sparrow' " and Bernal was present at both shootings. McCauley later told his aunt it was Bernal that wanted to rob the store, but he got annoyed when Bernal kept driving back and forth in front of the store, so he decided to " 'take over.' " McCauley admitted that he killed the clerk and stole money and beer.

Bernal testified in his own defense and admitted he was present at the scenes of the crimes. He testified he drove McCauley the night of November 23 to buy drugs in Murrieta and, although he heard two gunshots while both

4

were outside the car, he thought it was McCauley shooting in the air. On November 25, he drove McCauley to the 7-Eleven to get some beer but did not know McCauley planned to rob the store or that he shot anyone.

In one trial, separate juries convicted McCauley, as the perpetrator, and Bernal, as the aider and abettor, of two counts of first degree murder (§§ 187, subd. (a), 189; counts 1 and 2), premeditated attempted murder (§§ 187, subd. (a), 189, 664; count 3), and robbery (§ 211; count 4). Bernal's jury also convicted him of attempted robbery (§§ 211, 664; count 5). Bernal's jury further found true that he vicariously used a firearm (§ 12022, subd. (a)(1)), the special circumstance of multiple murder (§ 190.2, subd. (a)(3)), and, as to the 7-Eleven murder in count 2, the special circumstances of murder during the commission of robbery and burglary (§ 190.2, subd. (a)(17)(A) & (G)).

Bernal was sentenced to a total of two terms of life without the possibility of parole plus one year for the murders (counts 1 & 2), plus one term of life with the possibility of parole plus one year on the attempted murder (count 3), with all terms running concurrently.

This court affirmed the judgment on direct appeal in 2011. In doing so, we rejected Bernal's claim that the trial court erred in denying his motion for judgment of acquittal pursuant to section 1118.1 on counts 1, 2, 3 and 5, on the basis there was insufficient evidence of aiding and abetting.

In January 2019, Bernal filed a petition for a writ of habeas corpus seeking resentencing under section 1172.6. The trial court deemed the filing as a petition for resentencing under section 1172.6 and appointed counsel for Bernal. For reasons that are not entirely clear, Bernal filed another petition for resentencing in June 2019. The People asserted, among other arguments, that Bernal was not entitled to relief with respect to the 7-Eleven murder

5

because the jury's true findings on the special circumstances of murder during the commission of robbery and burglary necessarily evidenced the malice required under the newly amended section 189.  Bernal responded that the special circumstance findings did not bar relief because the jury's findings were made well before *Banks* and *Clark*.

In October 2020, the trial court found Bernal was ineligible for relief, as a matter of law, with respect to the 7-Eleven murder in count 2.  Relying on this court's previous opinion in *People v. Gomez* (June 29, 2020) D076101, opinion ordered nonpublished September 28, 2022, S264033, the trial court concluded that in finding the robbery-murder special circumstance true, the jury necessarily found Bernal participated in the robbery with the intent to kill or that he was a major participant in the robbery who acted with reckless indifference to human life.[2]  The court recognized that there is a split in authority among the Courts of Appeal on the issue and elected to follow its own appellate district in *Gomez*.  Although not at issue here, the court also found Bernal's arguments with respect to the Murrieta murder in count 1 unavailing and, thus, denied the petition in its entirety.

Bernal timely appealed, and this court issued an opinion in which we reversed the order denying his petition for resentencing and remanded the matter to the trial court for further proceedings.  (*People v. Bernal* (Dec. 30, 2021, D078324) [nonpub. opn.], review granted Mar. 9, 2022, S272998.)  The Supreme Court of California granted review and held Bernal's case for its

---

[2]     As noted, the jury also found true a special circumstance that the murder was committed during the commission of a burglary within the meaning of section 190.2, subdivision (a)(17)(G).  The trial court relied solely on the robbery-murder special circumstance in denying Bernal's section 1172.6 petition but, regardless, our decision would be the same had the court relied on the second special circumstance as well.

6

decision in *Strong*, *supra*, 13 Cal.5th 698. After issuing its decision in *Strong*, the Court transferred Bernal's appeal back to us with directions to vacate our initial opinion and reconsider the matter in light of *Strong*. (Supreme Ct. order filed Nov. 30, 2022, S272998.)

DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section [1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

"Pursuant to section [1172.6], an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Lewis, supra,* 11 Cal.5th at pp. 959–960; see also § 1172.6, subds. (a), (b)(1).)

7

If the petition meets these basic requirements, the trial court "proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ [1172.6], subd. (c).)" (*Lewis, supra,* 11 Cal.5th at p. 960.) "If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ [1172.6], subd. (d)(1).)" (*Ibid.*) At the hearing on the order to show cause, " '[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ [1172.6], subd. (d)(3).)" (*Ibid.*)

The trial court determined Bernal was not eligible for relief under section 1172.6 at the prima facie stage and, with respect to count 2, based its decision solely on the jury's robbery-murder special circumstance finding. Bernal asserts the trial court erred because the special circumstance finding does not categorically bar him from relief under section 1172.6.[3] The People

_____

[3]     Bernal did not contest the trial court's decision with respect to count 1 in his initial briefing on appeal and, thus, our initial decision related only to the 7-Eleven murder charged in count 2. But, as we noted in our original decision, the Legislature subsequently passed Senate Bill No. 775 (2021–2022 Reg. Sess.), which amended section 1172.6 to permit petitions for resentencing on attempted murder charges, effective January 1, 2022. (Sen. Bill. No. 775 (2021–2022 Reg. Sess.) approved by Governor, Oct. 5, 2021, § 2.) Bernal filed the petition for resentencing at issue in the present appeal prior to that amendment and did not address count 3, the attempted murder charge. Accordingly, we do not address count 3 and nothing in this opinion is intended to preclude Bernal from seeking resentencing on count 3 pursuant to section 1172.6, as amended, either on remand or in a separate petition.

initially disagreed with Bernal and urged us to affirm the trial court's order. But after the Supreme Court decided *Strong*, *supra*, 13 Cal.5th 698, they agree "the order denying appellant's petition at the prima facie stage should be reversed, and this matter remanded for further proceedings consistent with the dictates of *Strong*." We agree with the parties.

There is no dispute here that Bernal was not the actual shooter and was not in the store when McCauley shot the victims. The jury made felony-murder special circumstance findings pursuant to section 190.2, subdivision (a)(17), and those findings required the jury to conclude Bernal either had the intent to kill or was a major participant that acted with reckless indifference to human life. However, the jury made those findings in 2009, well before the California Supreme Court decided *Banks* and *Clark* and clarified the meaning of the terms "major participant" and "reckless indifference to human life" necessary to support such felony-murder special circumstance findings. (*Banks, supra,* 61 Cal.4th at pp. 797–798, 803; *Clark, supra,* 63 Cal.4th at pp. 608–624.)

In *Strong,* our high court recently decided that where, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) The Supreme Court reasoned that section 1172.6 requires the petitioner to make a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference

9

requirements." (*Strong*, at pp. 717–718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny section 1172.6 petition at prima facie stage based on its own determination defendant was major participant in felony and acted with reckless disregard for human life].) Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

Here, the jury's felony-murder special circumstance findings were made well before the decisions in *Banks* and *Clark*. Under *Strong*, those findings do not preclude Bernal from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 721.) We therefore conclude, in accordance with *Strong*, the trial court erred by relying solely on the robbery-murder special circumstance finding to deny Bernal's section 1172.6 petition with respect to count 2.

The People previously asserted any error was harmless because the record of conviction establishes the jury's robbery-murder special circumstance finding was valid as a matter of law even if we consider the additional guidance provided in *Banks* and *Clark*. They now concede that remand is appropriate, and we agree. Because Bernal's petition alleged the facts necessary for relief under section 1172.6 and nothing in the record shows he is ineligible for relief as a matter of law, the trial court erred by summarily denying his petition. We therefore must remand the matter to the trial court to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing. (§ 1172.6, subds. (c), (d); *Strong, supra*, 13 Cal.5th at

pp. 708–709; *People v. Duchine* (2021) 60 Cal.App.5th 798, 816.)  We express no opinion on how the court should ultimately rule on the petition.

DISPOSITION

The opinion filed on December 30, 2021, is vacated.  The order denying the petition for resentencing under section 1172.6 is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing.

DO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

11